United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FAHD BOUKSIMI,

        Plaintiff,

    v.

PAMELA JO BONDI, et al.,

        Defendants.

Case No.  25-cv-03899-JD

**ORDER RE SUMMARY JUDGMENT**

Pro se plaintiff Fahd Bouksimi sued the United States for what is said to be excessive delay by the United States Citizenship and Immigration Services (USCIS) in deciding his application for permanent resident status.  Dkt. No. 1.  Bouksimi alleges claims under the Administrative Procedure Act, 5 U.S.C. § 706(1) (APA), the Mandamus and Venue Act, 28 U.S.C. § 1361, and the Due Process Clause of the Fifth Amendment.  *Id*.  The parties filed cross-motions for summary judgment, Dkt. Nos. 9, 13, and their familiarity with the record is assumed.  Although Bouksimi's concerns are understandable, his motion is denied and summary judgment is granted in favor of the government.

## BACKGROUND

The salient facts are undisputed.  Bouksimi is a citizen of Morocco.  Dkt. No. 1-1 ¶ 4.  In May 2017, his ex-wife, a United States citizen, filed a Form I-130 with USCIS on behalf of Bouksimi to request that Bouksimi be classified as eligible for permanent resident status.  Dkt. No. 13-1 ¶ 41.  In May 2024, Bouksimi filed a Form I-360 self-petition alleging abuse by his ex-wife and asking to be classified as eligible for permanent resident status under a provision of the Violence Against Women Act, 8 U.S.C. § 1154(a)(1)(A)(iii) (VAWA).  *Id*. ¶ 37.  In July 2024, Bouksimi a Form I-485 petition.  *Id*.  The Form I-360 and Form I-485 petitions remain pending

before USCIS. *Id*. ¶ 38.

USCIS issued an Employment Authorization Document to Bouksimi in February 2025, which authorizes him to work in the United States into February 2030. *Id*. ¶ 39. USCIS also issued an Advanced Parole document to Bouksimi that is valid into February 2030 for use in returning to the United States after travel abroad. *Id*. ¶ 40.

VAWA petitions are decided on a first in, first out (FIFO) basis, meaning that petitions filed earlier in time are decided before later petitions. *Id*. ¶ 25. The current estimated processing time for VAWA petitions is 42.5 months, based on the average amount of time needed to adjudicate 80% of cases over the last six months. *Id*. ¶ 24. The number of VAWA petitions has increased over the years, and there are now more than 170,000 pending applications. *Id*. ¶ 32.

## DISCUSSION

Bouksimi's main complaint is that USCIS is taking too long to decide his Form I-360 self-petition. The APA and mandamus claims are both directed to the same relief on this score, and so the Court elects to take up the APA claim only. *See Vaz v. Neal*, 33 F.4th 1131, 1135 (9th Cir. 2022).

The government's opposition recycles arguments here that it has made in many cases presenting similar claims. Although this offers some efficiencies, the downside is that the government reraises points that have been consistently rejected by the courts.

That is the situation for the jurisdictional objection under the APA. The government says that the "APA cause of action is limited to compelling agency actions required by law," and that the review of Form I-360 applications is discretionary because "the statute and regulations governing VAWA self-petitions provide no timeline within which a petition must be adjudicated." Dkt. No. 13 at 7-8. In the government's view, this means the Court lacks jurisdiction over the APA claim. *Id*. at 8.

Not so. As another court has aptly stated, "dozens (if not hundreds) of district courts" have rejected this theory. *Hong Wand v. Chertoff*, 550 F. Supp. 2d 1253, 1256-57 (W.D. Wash. 2008). This number has only increased since the publication of that decision in 2008. The reason for this consistent conclusion is that the VAWA statute commands that "the Attorney General shall, if he

2

determines that the facts stated in the petition are true . . . approve the petition." 8 U.S.C. § 1154(b). The mandatory "shall" is of course different from the discretionary "may," *see Garfias-Rodriguez v. Holder*, 702 F.3d 504, 525-26 n.16 (9th Cir. 2012) (en banc), and "determinations" such as the one in Section 1154(b) that require the application of law to facts are nondiscretionary, *Hernandez v. Ashcroft*, 345 F.3d 824, 833-34 (9th Cir. 2003) (internal quotations omitted). *See also Vaz*, 33 F.4th at 1135-36.

The government would be well advised to think more carefully about rotely repeating the same unsuccessful jurisdiction point in every brief. At the very least, the government should be more forthright in acknowledging that its position has been rejected in scores of cases. It should also make some effort to explain why it is recycling an argument found to be wanting on so many occasions. Persisting with the same jurisdictional theory in every case as if it were the first time risks the imposition of sanctions.

For the main question of whether USCIS has unreasonably delayed a determination of Bouksimi's petition, our circuit applies the six-factor test in *Telecommunications Research & Action Center v. Federal Communications Commission*, 750 F.2d 70, 79-80 (D.C. Cir. 1984). *See Vaz*, 33 F.4th at 1137 (citation omitted). These "*TRAC*" factors are:

> (1) the time agencies take to make decisions must be governed by a rule of reason;
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
> (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
> (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and
> (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Vaz*, 33 F.4th at 1137 (quoting *TRAC*, 750 F.2d at 80) (cleaned up).

Overall, these factors tip in favor of the government here. The FIFO policy has been widely treated as a rule of reason standard. *See, e.g., Kamath v. Campagnolo*, No. 21-cv-1044, 2021 WL 4913298, at *3 (C.D. Cal. Aug. 13, 2021). Bouksimi has not provided a good reason to conclude otherwise.

United States District Court
Northern District of California

Bouksimi agrees that the timeline for Form I-360 self-petition started in May 2024, when he filed it. *See* Dkt. No. 16 at 8. This means that Bouksimi's petition has been pending for approximately 22 months. Although not expeditious, this period is well short of the average processing time of approximately 43 months for every Form I-360 under the FIFO policy. It is also well short of the multi-year delays typically required to find an immigration adjudication unreasonable. *See, e.g., Beyene v. Napolitano*, No. 12-cv-01149, 2012 WL 2911838, at *6 (N.D. Cal. July 13, 2012) (five-year delay not unreasonable). Consequently, the first two *TRAC* factors weigh in the government's favor.

For the third factor, Bouksimi did not tender evidence to indicate that his health or welfare are at stake. The Court accepts that this situation has caused Bouksimi distress, particularly with respect to anxiety about his ailing mother in Morocco, but Bouksimi has travel documents for re-entry into the United States through February 2030. Dkt. No. 13-1 ¶ 40. Bouksimi says that he is hesitant to bank on re-entry, but provided no good reason to believe he is at particular risk for a problem. The third factor favors the government.

For the fourth factor, Bouksimi essentially asks to jump to the front of the FIFO line. As the government has demonstrated, without dispute, tens of thousands of VAWA petitions are pending. Dkt. No. 13-1 ¶ 32. Moving Bouksimi to the front would delay earlier-filed petitions by "simply moving all others back one space, producing no net gain." *Vaz*, 33 F.4th at 1138 (quoting *In re Barr Lab'ys, Inc.*, 930 F.2d 72, 75–76 (D.C. Cir. 1991)) (cleaned up). The fourth factor counts in favor of the government.

For the fifth factor, the interests at stake are essentially the same as for the third factor. The *TRAC* conclusion is also the same.

For the sixth factor, Bouksimi did not allege bad faith, and nothing in the record so indicates. This factor again favors the government.

Consequently, Bouksimi is not entitled to relief on the APA claim. For the same reasons, the Due Process claim does not conclude in his favor. *See Emami v. Nielsen*, 365 F. Supp. 3d 1009, 1022 (N.D. Cal. 2019). A time may come when further delay raises a claim, and Bouksimi may then assess whether circumstances and the law allow him to raise his concerns again.

Summary judgment is granted in favor of the government.  A separate judgment will be entered.

**IT IS SO ORDERED.**

Dated:  March 17, 2026

JAMES DONATO
United States District Judge

United States District Court
Northern District of California